# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JADE E. MIRE | : | DOCKET NO. 17-cv-620 |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| CODY CHARLES OXNLEY, ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 5] filed by plaintiff Jada E. Mire ("Mire"). There is no opposition to remand but defendant Cody Charles Onxley ("Onxley") has filed an out-of-time response. Doc. 8.

For reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED**.

## I.
### BACKGROUND

This action arises from an alleged sexual assault committed by Onxley, a former deputy with the Calcasieu Parish Sheriff's Office ("CPSO"), against Mire. Doc. 1, att. 1. In her state court complaint, Mire states that Onxley placde a call from the CPSO main telephone number to her cell phone at approximately 3:30 on the morning of April 10, 2016. *Id.* at 1. Onxley referenced a burglary that Mire had recently reported at her residence and stated that the residence had been placed on "extra patrol" as a result. *Id.* Mire contends that Onxley then came to her home while the call was taking place, began asking her inappropriate questions when she went outside to talk to him, then followed her into her apartment and sexually assaulted her. *Id.* at 2. She states that,

while these events occurred, Onxley was wearing his uniform and service belt and was armed with a handgun. *Id.* She also alleges that, after the assault, Onxley continued to intimidate her and made repeated calls to her cell phone from the CPSO's telephones. *Id.* at 3–4. She states that Onxley has since been arrested and charged with crimes relating to these events. *Id.* at 4.

Mire filed suit against Tony Mancuso ("Mancuso"), Calcasieu Parish Sheriff, and Onxley on March 31, 2017, in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, raising claims under 42 U.S.C. § 1983 and state law. Doc. 1, att. 1, pp. 1–6. Mancuso and Onxley were both served on April 26, 2017. *Id.* at 8–9. Mancuso then filed a notice of removal to this court on May 9, 2017. Doc. 1. Therein he provides the following representation of Onxley's consent to removal:

> Undersigned counsel has consulted with co-defendant Cody Charles Onxley's counsel, Todd Ammons, and co-defendant's counsel, along with all defendants and/or defendants' counsel have consented to the removal of this action.

Doc. 1, p. 3.

Mire filed a motion to remand on June 7, 2017, alleging that this assertion of consent is inadequate and that the removal is therefore procedurally defective. Doc. 5. Mancuso has filed no opposition. Onxley did file a response, over a week after the response deadline set by this court. Doc. 8; *see* doc. 6. In it he states that he does not oppose the motion. Doc. 8, p. 1. However, he contends that case law relied upon by Mire is in question following subsequent amendment to the federal removal statute. *Id.* Although we are not obligated to consider out of time responses, we will address this point *infra*.

## II.
### LAW & ANALYSIS

Removal procedures are governed by 28 U.S.C. § 1446, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

28 U.S.C. § 1446(b)(2)(A). Accordingly, all then-served defendants who do not join in the removal petition must file timely written indication of their consent. *Getty Oil Corp. v. Ins. Company of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Written consent must be indicated by the defendant's signature on the removal petition or filing of written consent within the removal period. *Louisiana v. Aspect Energy, LLC*, 2011 WL 5238666, *1 (W.D. La. Oct. 1, 2011) (unpublished) (citing *Getty Oil*, 841 F.2d at 1262 n. 11, 1263)). Statements by the removing defendants that other defendants have consented are insufficient. *Id.* "If written consent on the part of all defendants is lacking when the thirty day removal period elapses, the notice of removal is deemed defective and the case must be remanded." *Wamsley v. Ditzler*, 2014 WL 1030085, *2 (W.D. La. Mar. 17, 2014) (citations omitted).

Here Mancuso's assertion of consent on behalf of Onxley was clearly inadequate and the removal period has expired. Onxley contends, however, that the time limit to consent to removal is in question as it arises from *Getty Oil*, decided by the Fifth Circuit in 1988. Under the 2011 amendment to the federal removal statute, the deadline to file a notice of removal runs from service of each defendant. 28 U.S.C. §§ 1446(b)(2)(B)–(C). Prior to that amendment, the Fifth Circuit had followed the first-served defendant rule, under which a defendant was required to join in removal within thirty days of the date the first defendant was served. *See Getty*, 841 F.2d at 1262–63. Thus, *Getty* is overruled by § 1446(b)(2) to the extent that "earlier-served defendants may join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period." *Gibbs v. Ocwen Loan Svcg., LLC*, 2014 WL 2767206, *3 (N.D. Tex. Jun. 18, 2014) (quotations and alterations omitted). However, this overruling does not affect the portion cited by Mire, who noted subsequent case law referencing the last-served defendant rule. *See* doc. 5, att. 1, pp. 5–6 (citing *Alford v. Chevron USA, Inc.*, 2014 WL 37600 (E.D. La. Jan. 6, 2014)). Moreover,

any differences in the deadline between last-served and first-served defendant are irrelevant to this case, where the defendants were served on the same date.

Onxley also argues that the omission of a timeframe from the consent requirement provision of 28 U.S.C. § 1446 calls into question whether Congress intended to provide any deadline for consent to removal. Doc. 8, p. 2. Such a scheme would yield absurd results, allowing no opportunity for plaintiffs to challenge removal based on this procedural defect because defendants would always be able to amend and provide proper consent. We are especially persuaded by the fact that amendments to the notice of removal filed after the 30 day removal period are only permitted to cure defective jurisdictional allegations and not procedural defects. *E.g.*, *Louisiana v. Aspect Energy LLC*, 2011 WL 3759754, *3–*4 (W.D. La. Aug. 23, 2011); *see* CHARLES ALAN WRIGHT ET AL., 14C FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed.). Additionally, nothing in the amendments alters the long-standing rule that procedural requirements in the removal statute "are to be strictly construed and enforced in favor of state court jurisdiction." *Smith v. Union Nat. Life Ins. Co.*, 187 F.Supp.2d 635, 639 (S.D. Miss. 2001) (citations omitted).

Despite the authority cited by Onxley from outside this circuit,[1] we see no justification for departing from the pre-amendment rule in this circuit that "[f]ailure to obtain the consent of all served defendants **within the removal period** renders removal procedurally defective." *Pike County, Miss. v. Aries Bldg. Sys., LLC*, 2017 WL 1737722, *2 (S.D. Miss. May 3, 2017) (citing *Doe v. Kerwood*, 969 F.2d 165, 167, 169 (5th Cir. 1992)) (emphasis added); *see Harger v. Flint Hills Resources LLC*, 2014 WL 1621779, *1 (S.D. Tex. Apr. 22, 2014) (collecting cases reflecting

---

[1] Onxley relies on *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 977 F.Supp.2d 903, 907–08 (N.D. Iowa 2013), in which that court ruled that the timeframe for consenting to removal was triggered by the filing of the notice of removal rather than by service of the initial pleading, and thus imposed a 30 day timeframe for filing consent from that point. However, the Eighth Circuit vacated that order and stated that it was "disinclined to adopt a hard-line requirement, particularly in light of the new language of § 1446." 785 F.3d 1182, 1187 (8th Cir. 2015). That ruling, however, appeared to be based more on the form requirements, which the Circuit discussed at length, rather than the time limit.

that consent must be filed within the 30 day removal period); *see also Wamsley*, 2014 WL 1030085 at *2 (quoting *Alford*, 2014 WL 37600 at *3) ("If written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded.") Accordingly, there is no basis for questioning the procedural requirements cited by Mire in support of her motion to remand, and the motion must be granted.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE